UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALAN S. MANN,<br><br>               Petitioner,<br>vs.<br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br>and MSSB FA NOTES HOLDINGS, LLC,<br><br>               Respondents. | Case No.: 2:15-cv-00217-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Amended Petition to Vacate Arbitration Award (ECF No. 16) filed by Petitioner Alan S. Mann ("Petitioner"). Respondents Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC (collectively, "Morgan Stanley" or "Respondents") filed a Response (ECF No. 20), and Petitioner filed a Reply (ECF No. 21).

## I.    BACKGROUND

This case arises out of arbitral award in 2014 following arbitration proceedings that occurred in Las Vegas, Nevada. During Petitioner's employment with Morgan Stanley, Morgan Stanley agreed to fund two loans to Petitioner in the amounts of $28,229.09 ("Note 1") and $196,153.20 ("Note 2") (collectively, the "Notes"). (*See* Exs. A–B to Response, ECF No. 20-2). The Notes both provided that the full outstanding amounts would become due and owing upon the termination of Petitioner's employment with Morgan Stanley. (*Id.*). Petitioner voluntarily resigned from employment with Morgan Stanley on February 3, 2012. (*See* Ex. C to Response, ECF No. 20-2). Shortly thereafter, Morgan Stanley delivered a letter to Petitioner demanding payment of the amount outstanding on the Notes. (*Id.*).

On June 15, 2012, Morgan Stanley commenced an arbitration with the Financial Industry

Regulatory Authority ("FINRA"), seeking damages in excess of $170,207 for the repayment of funds owed by Petitioner under the Notes. (*See* Ex. D to Response, ECF No. 20-2). An arbitration hearing commenced on March 25, 2014, and concluded on December 3, 2014, when FINRA issued an arbitral award in the matter. (*See* Exs. G–H to Response, ECF No. 20-2). The award provided that Petitioner should pay Morgan Stanley compensatory damages and interest totaling $179,199 on the Notes, attorney's fees in the amount of $30,000, and costs in the amount of $5,000. (Ex. H to Response, ECF No. 20-2).

During the arbitration proceedings, on June 30, 2014, one of the arbitrators on the arbitration panel, William Huggins ("Huggins"), initiated a lawsuit against a real estate development company for breach of contract related to a lease purchase agreement. (*See* Ex. K to Response, ECF No. 20-2). However, Huggins failed to disclose this lawsuit to the parties of the arbitration. (Am. Pet. at 2; Response at 7).

## II. LEGAL STANDARD

### A. Federal Arbitration Act

9 U.S.C. § 10(a) of the Federal Arbitration Act ("FAA") permits a court to vacate an arbitration award in four explicitly stated instances. Petitioner moves to vacate the award under two of the justifications provided in the statute. (ECF No. 16). The relevant sections of the statute, 9 U.S.C. 10(a)(3) & (4), state that a court may vacate an arbitration award upon application of any party to the arbitration:

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> 
> …
> 
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(2) & (4). Petitioner moves this court to vacate the arbitration award pursuant to these sections.

**B. Standard of Review of Arbitration Panel Awards**

It is very well established that a court's review of an arbitration award is very limited. "Under the FAA, [ ] the reform of arbitration awards, including the severe remedy of vacatur, is limited by those grounds established by Congress in the [FAA]." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 647 (9th Cir. 2009); *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004) ("When reviewing an arbitral award, courts accord an extraordinary level of deference to the underlying award itself...."); *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) ("In fact, the standard of review of arbitral awards is among the narrowest known to the law."); *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1253–54 (7th Cir. 1994) ("[W]e will set aside an arbitrator's decision if in reaching his result, the arbitrator deliberately disregards what he knows to be the law."); *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994) (noting "the FAA's strong presumption in favor of enforcing arbitration awards.").

This court's review of the award is narrow indeed. "Congress had good reason to preclude more expansive federal court review." *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). "Broad judicial review of arbitration decisions could well jeopardize the very benefits of arbitration, rendering informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.*

**III. DISCUSSION**

Petitioner moves to vacate the arbitral award under sections 10(a)(2) and 10(a)(4) of Title 9 of the United States Code. The Court will address both of Petitioner's arguments for vacating the arbitral award in turn.

**A. Evident Partiality Under 9 U.S.C. § 10(a)(2)**

A party seeking to vacate an award may show an arbitrator was evidently partial if he failed to disclose facts which create a "reasonable impression of partiality." *Fid. Fed. Bank, FSB*

*v. Durga Ma Corp.*, 386 F.3d 1306, 1312 (9th Cir. 2004) (quoting *Schmitz v. Zilveti*, 20 F.3d 1043, 1046 (9th Cir. 1994)); *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105 (9th Cir. 2007) (stating "the arbitrator's failure to 'disclose to the parties any dealings that might create an impression of possible bias' is sufficient to support vacatur" (quoting *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 149 (2007)). However, vacatur is appropriate only if the undisclosed facts amount to a real, non-trivial conflict. *New Regency*, 501 F.3d at 1110. "[C]laims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator" will not support vacatur. *Id.*

Petitioner asserts that arbitrator Huggins was evidently partial when he failed to disclose "that during the pendency of the arbitration proceeding he filed a lawsuit to collect money owed to him under a breach of contract theory." (Am. Pet. at 2, ECF No. 16). However, this lawsuit, a lawsuit initiated by Huggins against a real estate development company for breach of contract related to a lease purchase agreement, does not involve the same or similar subject matter as the arbitration proceedings. (*See* Ex. K to Response, ECF No. 20-2). In fact, the Huggins' lawsuit bears no similarity of facts or parties to the arbitration proceedings, with the exception that both cases involved a dispute over money. Thus, the Court finds that Huggins' failure to disclose his underlying lawsuit against did not create an impression of possible bias sufficient to support vacatur. Accordingly, the Court finds that vacatur is not warranted under section 10(a)(2).

**B. Exceeding Powers Under 9 U.S.C. § 10(a)(4)**

The Ninth Circuit has clarified that arbitrators "exceed their powers" when the award is (1) "completely irrational" or (2) exhibits a "manifest disregard of the law." *Kyocera*, 341 F.3d at 997. Absent such complete irrationality or manifest disregard of the law, "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in that regard." *Id.* at 994. With regard to

demonstrating a manifest disregard of the law, "the moving party must show that the arbitrator 'underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same.'" *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (quoting *San Maritime Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)).

Petitioner asserts that the arbitration panel exhibited a manifest disregard of the law because "the arbitrators awarded Respondents exactly $30,000 in attorney's fees and exactly $5,000 in costs without any evidence or sworn testimony, and over the objections of counsel." (Am. Pet. at 6). However, Petitioner fails to point to evidence on the record showing that the arbitrators were aware of the law and intentionally disregarded it. Rather, Petitioner makes arguments concerning the sufficiency of the evidence undergirding the arbitral award, but "[w]hether or not the panel's findings are supported by the evidence in the record is beyond the scope of our review." *Bosack*, 586 F.3d at 1105. Accordingly, the Court finds that the arbitration panel did not exceed their powers by exhibiting manifest disregard of the law and therefore, vacatur is not warranted under section 10(a)(4).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition to Vacate Arbitration Award (ECF No. 16) is **DENIED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 10th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge